## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DEBERA J. WILSON, )<br>)<br>PLAINTIFF, )<br>)<br>VS. )<br>)<br>CAROLYN W. COLVIN, Acting )<br>Commissioner of the Social Security )<br>Administration, )<br>)<br>DEFENDANT. ) | CASE NO. 13-CV-113-FHM |

### OPINION AND ORDER

Plaintiff, Debera J. Wilson, seeks judicial review of a decision of the Commissioner of the Social Security Administration denying Social Security disability benefits.[1] In accordance with 28 U.S.C. § 636(c)(1) & (3), the parties have consented to proceed before a United States Magistrate Judge.

### Standard of Review

The role of the court in reviewing the decision of the Commissioner under 42 U.S.C. § 405(g) is limited to a determination of whether the record as a whole contains substantial evidence to support the decision and whether the correct legal standards were applied. *See Briggs ex rel. Briggs v. Massanari*, 248 F.3d 1235, 1237 (10th Cir. 2001); *Winfrey v. Chater*, 92 F.3d 1017 (10th Cir. 1996); *Castellano v. Secretary of Health & Human Servs.*, 26 F.3d 1027, 1028 (10th Cir. 1994). Substantial evidence is more than a scintilla, less

---

[1] Plaintiff's January 22, 2010, applications for disability benefits were denied initially and on reconsideration. A hearing before Administrative Law Judge ("ALJ") Edmund C. Werre was held August 11, 2011. By decision dated September 23, 2011, the ALJ entered the findings that are the subject of this appeal. The Appeals Council denied Plaintiff's request for review on January 17, 2013. The decision of the Appeals Council represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed.2d 842 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).  The court may neither reweigh the evidence nor substitute its judgment for that of the Commissioner.  *Casias v. Secretary of Health & Human Servs.,* 933 F.2d 799, 800 (10th Cir. 1991).  Even if the court would have reached a different conclusion, if supported by substantial evidence, the Commissioner's decision stands.  *Hamilton v. Secretary of Health & Human Servs.,* 961 F.2d 1495 (10th Cir. 1992).

## Background

Plaintiff was 52 years old on the alleged date of onset of disability[2] and 53 on the date of the ALJ's denial decision.  She has a 9th grade education and formerly worked as a plastics assembler, dishwasher, dietary aide, housekeeper, laundry worker, and delivery driver.  Though these jobs are generally performed at medium exertion, Plaintiff reported she actually performed these occupations at light exertion.  Plaintiff claims to have been unable to work since July 1, 2010, as a result of arthritis and ulcerative colitis. [R. 63].

## The ALJ's Decision

The ALJ determined that Plaintiff has the residual functional capacity (RFC) to perform light exertional work such as no more than occasional lifting up to 20 pounds, no more than the frequent lifting or carrying of 10 pounds, and no exposure to temperature or humidity extremes. [R. 20].

---

[2] Plaintiff filed for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) benefits on January 22, 2010, alleging an onset date of May 31, 2008.  Plaintiff amended her alleged disability onset date to July 1, 2010. [R. 362].

2

The ALJ determined at step four that Plaintiff was not disabled because she retained the residual functional capacity to perform all of her past relevant work as a delivery driver, laundry worker in a nursing home, housekeeper in a nursing home, dishwasher, and a plastic assembler as actually and generally performed. [R. 24].   At step five, the ALJ found that there are a significant number of jobs in the national economy that Plaintiff could perform with these limitations. [R. 31-32]. The case was thus decided at step four with an alternative step five finding of the five-step evaluative sequence for determining whether a claimant is disabled.  *See Williams v. Bowen,* 844 F.2d 748, 750-52 (10th Cir. 1988) (discussing five steps in detail).

### Plaintiff's Allegations

Plaintiff asserts the ALJ erred because:  1) the decision contains two Residual Functional Capacities (RFC) findings;   2) he failed to perform a proper credibility determination; and  3) he failed to consider the opinion of Plaintiff's treating Physician's Assistant (PA) Alan Brokenicky. [Dkt 16, p. 2].

### Analysis

#### Residual Functional Capacity Determination

The ALJ found that Plaintiff is capable of performing light exertional work with no exposure to temperature or humidity extremes. [R. 20].  This finding is repeated in the ALJ's decision.  [R. 23].  The ALJ's consideration of the medical-vocational guidelines (Grids) is related to light work, [R. 25], the ALJ's hypothetical questioning of the vocational expert at the hearing posed the limitation of light work, [R. 380-82], and the ALJ's finding of alternative jobs available in the economy was limited to light and sedentary work, [R. 25].

3

However, elsewhere in the ALJ's decision he recites that Plaintiff "has the residual functional capacity to perform medium and light exerrtional (sic) work which is not performed in an atmosphere of temperature extremes[.]" [R. 24].  The ALJ also notes that the vocational expert identified Plaintiff's work as a delivery driver as being "medium exertional work." *Id.*

Plaintiff argues that remand is required because the ALJ's decision contains two different RFC findings.  The Commissioner acknowledges that the decision contains two different RFC findings, but argues that the paragraph which states Plaintiff "has the capacity to perform medium and light exerrtional (sic) work" is a typographical error.  The court finds that although the decision makes reference to both medium and light RFC findings, when the decision is viewed as a whole, the intention of the ALJ to find Plaintiff capable of performing light work is clear.  The finding that Plaintiff is not disabled is based on the vocational expert's responses to the hypothetical question which was based on the ability to perform "light" exertional work.  The presence of a typographical or scrivener's error in the ALJ's decision does not require remand.

Further, there is no merit to Plaintiff's contention that the ALJ's finding that she could perform her past relevant work as a delivery driver, which is generally performed at medium exertional work, requires remand.  [Dkt. 16, p. 2].  The ALJ made an alternative step five finding that there was other work Plaintiff could perform, and all of the jobs identified at this step were at the light and sedentary exertional levels. [R. 25].

No principle of administrative law or common sense requires that a case be remanded in quest for a perfect opinion, unless there is reason to believe that the remand might lead to a different result.  *See Moua v. Colvin* –Fed. Appx. – (10th Cir. 2013), 2013

4

WL 3951709, *3 (quoting *Fisher v. Bowen,* 869 F.2d 1055, 1057 (7th Cir. 1989).   Plaintiff

has not demonstrated that the outcome of this case would be different if it were remanded

for the purpose of eliminating the references to medium work.

Credibility Analysis

Plaintiff argues that the ALJ failed to perform a proper credibility determination.

Because credibility findings are peculiarly within the province of the ALJ, the court will not

disturb such findings if they are supported by substantial evidence. See *Kepler v. Chater*,

68 F.3d 387, 391 (10th Cir.1995). The ALJ identified numerous reasons for rejecting

Plaintiff's testimony regarding her limitations, including medical records repeatedly showing

her Crohn's disease "clinically stable," she was free of abdominal pain, and she considered

the severity of the symptoms to be minimal. [R. 274, 302, 313]. Further, the record reflects

Plaintiff has full range of motion of spine, no sensory deficits, normal tactile manipulation

of objects, and ambulation with stable gait. [R. 268-69].

Plaintiff's argument also addresses the ALJ's use of stock boilerplate language. The

Tenth Circuit has made it clear that in the absence of a more thorough analysis, the use

of boilerplate language is not sufficient to support an ALJ's credibility determination.

However, the Tenth Circuit had made it equally clear that when the ALJ provides specific

reasons for his credibility determination and links the credibility determination to the

evidence, the presence of boilerplate language will not require remand.   *Cf. Boehm v.*

*Astrue,* 2013 WL 541067 at *2 (10th Cir. 2013(rejecting the same argument advanced in

this case in another appeal argued by Plaintiff's counsel), *Polson v. Astrue,* 2013 WL

238849 at *2 (10th Cir. 2013 (same), *Strickland v. Astrue,* 2013 WL 3935755 at *7 (10th

Cir. 2012)(same).   The ALJ properly linked his credibility finding to the record.   The court

5

finds that the factors the ALJ relied on are supported by substantial evidence and provide sufficient support for the ALJ's credibility determination.

<u>Medical Source Opinion</u>

Plaintiff argues that the ALJ erred when he ignored the opinion of physician assistant, Alan Brokenicky.  Mr. Brokenicky, on behalf of Plaintiff, completed an application for a handicapped parking placard.  Mr. Brokenicky  checked the box on the application that stated the applicant "[c]annot walk 200 feet without stopping to rest."  [R. 329].  According to Plaintiff, the handicapped parking application constitutes an opinion that the ALJ was required to consider and evaluate in accordance with Social Security Ruling 06-03p, 2006 WL 2329939.

The court finds that the checking of a box on the application, standing alone, does not qualify as a medical opinion that the ALJ was required to discuss.  The decision demonstrates that the ALJ considered Mr. Brokenicky's records as the ALJ noted that the handicapped placard was provided by a physician's assistant, and the ALJ cited to the application form in the record. [R. 21, 318, 329].  In addition, the hearing transcript reflects that the ALJ asked Plaintiff about the parking placard. [R. 366-67].  The court observes that, to the extent the handicapped parking application can be considered a medical opinion, Mr. Brokenicky's records do not contain examination notes or findings to support the opinion such that it is even conceivable that a remand for the purpose of further consideration of Mr. Brokenicky's "opinion" would produce a different result.  In considering the support in Mr. Brokenicky's notes for his "opinion" that Plaintiff cannot walk 200 yards, the court is not making an improper *post hoc* justification for the ALJ's decision. Rather, the court is exercising common sense in conducting its review of the record and the ALJ's

6

decision. *See Keyes-Zachary v. Astrue,* 695 F.3d 1156, 1166 (10th Cir. 2012)(stating court is required to exercise common sense and not insist on technical perfection). To be clear, the court does not consider the handicapped parking application to be opinion evidence that the ALJ was necessarily required to discuss in detail, especially when the content of Mr. Brokenicky's records are taken into account.

### Conclusion

The court finds that the ALJ evaluated the record in accordance with the legal standards established by the Commissioner and the courts. The court further finds there is substantial evidence in the record to support the ALJ's decision. Accordingly, the decision of the Commissioner finding Plaintiff not disabled is AFFIRMED.

SO ORDERED this 31st day of January, 2014.


*Frank H. McCarthy*

FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE